UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

UNITED STATES OF AMERICA

**DECISION AND ORDER**
v.                                                              05-CR-137

MICHAEL KEMP,

                              Defendant.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

        The defendant, Michael Kemp, was charged in a Second Amended Petition

for Offender Under Supervision ("Petition"), filed on March 13, 2014, with two

charges of violating a mandatory condition of his supervised release requiring

that: (1) "defendant must provide the U.S. Probation Office advance notification of

any computer(s), automated services(s), or connected device(s)"; and (2)

"defendant shall not commit another federal, state or local crime".  The Petition

specifically charges that, on October 15, 2013, "defendant was found in

possession of a laptop computer and external hard drive which were found to

contain images of suspected child pornography...[t]his conduct constitutes a

violation of Title 18, U.S.C. §2252A(a)(5)".

        The charges in the Petition arise from a home contact conducted at

defendant's residence during which time he was found in possession of an

unauthorized laptop computer and an external hard drive.  The laptop computer

and the external hard drive were examined by the Regional Crime Forensic

Laboratory and found to contain images of suspected child pornography.

Based upon the facts established during a violation hearing, and for the reasons set forth herein, the Court finds, by a preponderance of the evidence, that defendant was knowingly in possession of an unauthorized laptop computer and external hard drive which contained images of suspected child pornography. Thus, the Court finds defendant guilty of Charge 1 and Charge 2 set forth in the Petition.

## BACKGROUND

A judgment in a criminal case against defendant was filed on February 27, 2008.  The defendant was adjudicated guilty after a plea to Possession of Child Pornography in violation of Section 2252(a)(4)(B) of Title 18 of the United States Code.  Defendant was sentenced to a fifty-one (51) month term of imprisonment. Defendant's criminal history category at the time of sentencing was Category I.

As a part of the sentence, this Court also imposed a ten (10) year term of federal supervised release.  The sentence included, as a Condition of Supervised Release, the following mandatory charges:

"The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s)..."

"The defendant shall not commit another federal, state or local crime."

The defendant served the term of imprisonment imposed by this Court and his period of supervision commenced on July 9, 2008.

2

After an initial appearance on the Petition on October 21, 2013, and several status conferences and adjournments requested by the parties, a violation hearing was held pursuant to Federal Rule of Criminal Procedure 32.1(b)(2) on October 17, 2014.  United States Probation Officer Ann Marie Serotte was the only witness to testify at the hearing.

The Court evaluates the evidence offered to establish a violation of supervised release by a standard of the preponderance of the evidence.  18 U.S.C. §3583(e)(3); *Johnson v. United States*, 529 U.S. 694, 700 (2000).  While conducting the hearing and reviewing the evidence presented at the hearing, the Court is mindful that the Federal Rules of Evidence are not applicable in revocation proceedings.  Fed. R. Evid. 1101(d)(3).  Certainly, however, the Federal Rules of Evidence are a useful guide to help the Court make findings supported by "verifiable facts" and by "accurate knowledge."  *United States v. Bari*, 599 F.3d 176, 179 (2d. Cir. 2010) (*quoting Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

After considering the witness's testimony and all of the exhibits admitted into evidence, and applying the preponderance of the evidence standard of proof, the Court finds the following facts.

## FACTS

In December of 2011, United States Probation Officer Ann Marie Serotte began supervising defendant.  (Transcript ("T") at p. 9)  Officer Serotte testified

3

that she is an intensive supervision specialist and that she supervises sex offenders. *Id*. at 5. Prior to this time, defendant had been supervised by Officer Serotte's supervisor, United States Probation Officer Brian Burns. *Id*. at 9. When she began supervising him, Officer Serotte asked defendant if she needed to review any of the conditions of his supervised release. *Id*. at 11-12. Defendant stated that he was well aware of the conditions, which had been reviewed with him by Officer Burns. *Id*. These included the conditions that defendant notify the U.S. Probation Office in advance of any computers, automated services, or connected devices, and that defendant not commit another federal, state or local crime. *Id*. at 8-9. In addition, defendant and Officer Serotte discussed the fact that his roommate, Christopher Johnsen, had a computer, and that defendant was not permitted to use it. *Id*. at 12.

Shortly thereafter, on December 16, 2011, Officer Serotte conducted a home visit. *Id*. at 13. Defendant's roommate was not present at the time, and Officer Serotte confirmed that Johnsen's computer was password protected, as required. *Id*. Defendant was again reminded that he was prohibited from using any computer. *Id.* Officer Serotte visited defendant's home on April 3, 2012. (T. at 13-14) She looked at his roommate's computer, which she previously understood was password protected. *Id*. However, on this occasion the computer was not password protected. *Id*. Defendant admitted that he used his roommate's computer on two occasions. *Id*. Officer Serotte instructed defendant

to visit her office the next day to discuss his computer use.  *Id*.

The next day, April 4, 2012, defendant reported to the Probation Office.  He informed Officer Serotte that he had used his roommate's computer more than he initially admitted.  (T. at p. 14-15)  Defendant later admitted that he had been using his roommate's computer two to three times per week since September or October of 2011.  *Id*.  Officer Serotte reiterated that, pursuant to the terms of his supervised release, defendant was not permitted to use an unauthorized computer.  *Id.*

On June 6, 2012, defendant reported to the Probation Office.  He denied any computer use.  (T. at p. 16)  On June 14, 2012, another home contact was made at defendant's residence.  *Id*.  Officer Serotte noted that defendant took quite awhile to arrive at the door and appeared nervous.  *Id*.  It was discovered during the course of the visit that defendant was playing a video game on PlayStation 3, through which he was apparently accessing the internet in order to play a game online.  *Id*.  Officer Serotte confiscated the game and admonished defendant.  *Id*. at 16-17.

In December of 2012 and April of 2013 Officer Serotte and defendant discussed the possibility of defendant enrolling at Erie Community College, and the fact that he may need a computer for school purposes.  (T. at p.17-18)  Officer Serotte instructed defendant that she would allow him to obtain a computer for school.  *Id*. However, she informed defendant that he must provide

her with advance notice for both approval and to set up electronic monitoring.  *Id*.

Officer Serotte testified that electronic monitoring monitors each key stroke of

defendant's computer.  *Id*. at 20.  Electronic monitoring tracks all activities on a

computer besides banking, and would allow a probation officer to determine if

someone under supervision was accessing child pornography from the internet.

*Id*.

On multiple occasions in both July and October of 2013, defendant and

Officer Serotte discussed computer usage, defendant's possible enrollment in

school, and the use of electronic monitoring software if he was approved to

purchase a computer.  (T. at p. 19)  Defendant denied any ongoing computer use

during this time and was instructed, by Officer Serotte, that he was not to

purchase a computer without her prior notification and authorization.  *Id*.

On October 15, 2013, Officer Serotte visited defendant's home at 218

Miller Street, upper apartment.  (T. at p. 21)  She rang his doorbell and no one

answered.  *Id*. at 22.  Officer Serotte then telephoned defendant, and there was

no answer.  *Id*.  Defendant immediately telephoned her back, and stated that he

was upstairs and would be down in a minute to let her in.  *Id*.  Officer Serotte

testified that given the size of the apartment, it took defendant quite a while to

come to the door.  *Id*.  When questioned about this, defendant stated he was

getting dressed.  *Id*.   Defendant then immediately went to his bedroom, sat on

his bed and tucked his comforter into the corner of his bed.  *Id*. at 34-35.  Officer

Serotte followed him.  *Id.*  She testified that this behavior was uncharacteristic of him and also strange, and that defendant appeared very nervous and was shaking slightly.  *Id*. at 35.

Officer Serotte asked defendant if she could look under his bed and he agreed.  (T. at p. 35)  Officer Serotte looked under his bed and nothing was there. *Id*.  She then asked defendant to lift up his mattress and he agreed.  *Id.*  Officer Serotte testified that when defendant stood up, his entire body was shaking and she thought "oh my gosh he is going to pass out".  *Id*. at 36.  Defendant lifted only a corner of the mattress, and Officer Serotte saw something black.  *Id*.  She asked defendant to lift the mattress up further, and she discovered black cords and what appeared to be an electronic device.  *Id*.  She instructed defendant to lift the mattress up the rest of the way and discovered a laptop and an external hard drive.  *Id*.  Defendant admitted that it was a computer and that he had possessed the computer for about a month.  *Id*. at 36-37.  Defendant then requested a lawyer and refused to answer any further questions.  *Id*. at 38.

The laptop and external hard drive were later sent to the Regional Crime Forensic Laboratory, where they were examined and found to contain 2 suspected images of child pornography.  (T. at p. 39-40, Exhs. 3, 5) The Department of Homeland Security was also contacted regarding the images found on defendant's computer and hard drive.  *Id*. at 39.

During cross-examination, it was elicited that defendant's roommate,

7

Christopher Johnsen, was a registered sex offender and had previously been convicted of possession of child pornography.  (T. at p. 45)  Johnsen had been supervised by Officer Serotte but was no longer under supervision at the time the laptop and hard drive were discovered under defendant's mattress.  *Id*. at 50.  During opening and closing statements, defense counsel stated that defendant was not contesting that he was in possession of a computer without prior authorization by the probation officer, and that he admitted to Charge 1 of the Petition.  *Id*. at 2-3.  In addition, defense counsel stated that during her cross-examination of Officer Serotte, she would be "eliciting further testimony that only reinforces the government's evidence on [Charge 1]".  Indeed, during cross-examination, defense counsel asked Officer Serotte a number of questions which essentially conceded defendant's unauthorized possession of a laptop.  *Id*. at 43-44.

## **FINDINGS**

During the hearing, defense counsel represented that defendant does not contest Charge 1 of the Petition, which charges him with failing to provide the Probation Office with advance notification of any computers, automated services, or connected devices.  During closing statements, defense counsel stated "as I mentioned this morning [defendant] does not dispute that he's guilty of the first count which is failing to notify the probation officer of any — in advance of any computer purchase."  (T. at p. 60)  In addition, defense counsel asked a number

8

of questions during cross-examination which elicited testimony about defendant's
unauthorized use of a computer.  *Id*. at 43-44.  Thus, the Court finds that
defendant, through representations made by his attorney, has admitted to Charge
1 of the Petition.

Moreover, the Court finds that even if defendant did not admit to
possession of an unauthorized computer, there exists a preponderance of
evidence that defendant is guilty of Charge 1.  The Court credits the testimony of
Officer Serotte that, during a home contact on October 15, 2013, an unauthorized
laptop and hard drive were discovered in defendant's possession.  Officer Serotte
testified that defendant was advised, on numerous occasions, that he needed to
obtain prior approval from the Probation Office before purchasing a computer.
No prior authorization was requested or received.  Further, defendant had been
admonished about his unauthorized computer use on at least two previous
occasions, once involving the use of his roommate's computer and once involving
an online video game.  Officer Serotte testified that, at the time of the home visit,
defendant acted strangely and appeared nervous, the laptop and hard drive were
hidden between defendant's mattress and box spring, and defendant admitted
that he possessed the computer for about a month.  Based upon the testimony
and evidence, the only reasonable inference to be drawn is that defendant
possessed an unauthorized laptop and external hard drive on October 15, 2013.

Defendant does dispute that he had knowledge of the images of child pornography found on the laptop and hard drive.  Defendant argues that it is equally likely that it was his roommate who was responsible for placing the child pornography on his computer.  Defendant notes that his roommate has a prior conviction for possession of child pornography.  During her closing statement, defense counsel argued that when defendant's roommate returned home on October 15, 2013, Johnsen offered a statement to "defuse attention from himself."[1]

After observing the testimony of Officer Serotte and reviewing the exhibits entered during the hearing, the Court finds that defendant knowingly possessed images of child pornography on October 15, 2013.  Officer Serotte testified that when she arrived at defendant's residence he took an unusually long period of time to answer the door, that he acted strangely by proceeding directly to his bedroom and sitting on the bed, and that he appeared extremely nervous. While defense counsel argues that defendant was likely nervous because he knew he was in possession of an unauthorized laptop, the Court rejects this reasoning. Officer Serotte further testified that defendant acted in a manner which was both strange and different from all of her previous interactions with him.  She testified

---

[1]  Officer Serotte testified that defendant's roommate returned home while the apartment was being searched.  Officer Serotte took a statement from the roommate. The roommate informed Officer Serotte that defendant had been secretive for the last month, and that he and defendant had a fight after he discovered his internet password, which was previously stored in a secure location, in plain view.

10

that when asked to lift the mattress, the defendant was shaking so hard that she thought he might faint.  The Court finds it highly unlikely that defendant would behave this way solely because he was in possession of an unauthorized laptop, especially because defendant had previously been admonished for unauthorized computer use and had not suffered serious consequences.  The Court finds it far more likely that defendant behaved in such a manner because he had knowledge that the laptop hidden under his mattress contained images of child pornography, an offense which has the potential to carry far more serious consequences than unauthorized use of a computer.

The Court also rejects defense counsel's argument that it is just as likely that his roommate was responsible for the images of child pornography.  The images were found on a laptop and hard drive in defendant's bedroom, hidden between defendant's mattress and box spring.  Officer Serotte testified that defendant admitted to possessing the computer for about a month.  Defendant's own behavior was highly suspicious and suggests that the computer contained contraband.  For instance, Officer Serotte repeatedly informed defendant that he could purchase a computer if he received prior approval and enrolled in electronic monitoring, however defendant never sought such authorization.  Based upon Officer Serotte's testimony, defendant had no reason to believe approval would not be granted.  The only logical conclusion is that defendant did not seek prior approval in order to avoid electronic monitoring.  In addition, defendant went to

11

great lengths to hide the computer and was extremely nervous and visibly shaking when it was discovered.

The record is devoid of any evidence whatsoever indicating that someone other than defendant placed the child pornography on his computer.  Contrary to defense counsel's contention, the Court finds that Johnsen's statements to Officer Serotte on October 15. 2013 that he and defendant had a fight because Johnsen discovered his computer password out in the open rather than in the secure location where it was typically stored do not appear to be an attempt by Johnsen to deflect attention from himself.  Instead, the Court finds that Johnsen's statements corroborate defendant's prior admission that he was using his roommate's computer without authorization, and only reinforce that defendant was behaving in direct violation of his Conditions of Supervised Release.  Finally, it defies logic that Johnsen, who had a computer of his own and was no longer under a period of supervision by the Court, would use his roommate's computer to access child pornography during a time when his roommate was under federal supervision and subject to regular visits by the Probation Office.  Thus, the only reasonable inference to be drawn is that defendant knowingly possessed the images of child pornography found on his computer, in violation Section 2252A(a)(5) of Title 18 of the United States Code.

## CONCLUSION

Based upon all of the evidence at the hearing, including admissions made

on behalf of defendant by defense counsel, the Court specifically finds by a

preponderance of the evidence that defendant violated each of the following

conditions of supervision: (1) the defendant must provide the U.S. Probation

Office advance notification of any computer(s), automated service(s), or

connected device(s); and (2) the defendant shall not commit another federal,

state or local crime, as alleged in the March 13, 2014 Second Amended Petition

for Offender Under Supervision.  Thus, defendant is found guilty of Charge #1

and the Second Amended Charge #2 of the Petition.[2]

Sentencing for the defendant's supervised release violations will be held on

November 24, 2014 at 12:00 p.m.  The United States Probation Office shall

complete a presentence report by November 20, 2014.

SO ORDERED.


*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   October 28, 2014

_____

[2]  With respect to Charge #2, the Second Amended Petition sets forth both an
Amended Charge and a Second Amended Charge.  The Court's finding of guilty is to
the Second Amended Charge, which relates to conduct constituting a violation of
Section 2252A(a)(5) of Title 18 of the United States Code (possession of child
pornography).  The Amended Charge, which relates to conduct constituting a violation
of Section 2252A(a)(2) of Title 18 of the United States Code (receipt or distribution of
child pornography) is moot, and no finding has been made as to the Amended Charge.